CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CAMILO MARTINEZ and ZANATIEL FLORES, on behalf
of themselves and others similarly situated,

                            Plaintiffs,

      -against-

ZERO OTTO NOVE INC., TRATTORIA ZERO OTTO NOVE
II, LLC, RESTAURANT ZERO OTTO NOVE III, LLC,
ROBERTO PACIULLO, and TONY DORMA,

                            Defendants.

-------------------------------------------------------------X

**FLSA COLLECTIVE
ACTION and RULE
23 CLASS ACTION
COMPLAINT**

**Jury Trial
Demanded**

Plaintiffs CAMILO MARTINEZ and ZANATIEL FLORES (hereinafter,
"Plaintiffs"), on behalf of themselves and other similarly situated employees, by and
through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against
defendants ZERO OTTO NOVE INC. ("ZON-BRONX"), TRATTORIA ZERO OTTO
NOVE II, LLC ("ZON-NYC"), RESTAURANT ZERO OTTO NOVE III, LLC ("ZON-
WESTCHESTER") (collectively referred to herein as the "Corporate Defendants"),
ROBERTO PACIULLO and TONY DORMA (collectively referred to herein as the
"Individual Defendants") (the Corporate Defendants and Individual Defendants are
collectively referred to herein as "Defendants") and state as follows:

## INTRODUCTION

1.       Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

2.       Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid overtime compensation; (b) unpaid "spread of hours" premium for each day in which their work shift exceeded ten (10) hours; (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (d) prejudgment and post-judgment interest; and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.       Plaintiffs are each residents of Bronx County, New York.

6.       Defendant ZON-BRONX is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2357 Arthur Avenue, Bronx, New York 10458.

7.     Defendant ZON-NYC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 15 West 21st Street, New York, New York 10010.

8.     Defendant ZON-WESTCHESTER is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 55 Old Route 22, Armonk, New York 10504.

9.     The Corporate Defendants operate multiple restaurants in New York City and Westchester, each doing business as "Trattoria Zero Otto Nove."

10.    At all relevant times, defendant ROBERTO PACIULLO has been the Principal and Chief Executive Officer of the Corporate Defendants and has held himself out to be the owner, operator, supervisor and managing agent of the Corporate Defendants.  Defendant, ROBERTO PACIULLO, actively participated and continues to actively participate in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

11.    At all relevant times, defendant TONY DORMA has been a manager and/or supervisor of each of the Corporate Defendants, and was one of Plaintiffs' direct supervisors and who actively participated and continues to actively participate in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations

promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

12.     The Individual Defendants each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) otherwise affect the quality of the employees' employment.

13.     The Individual Defendants are present on the premises of the Corporate Defendants on a most days, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

14.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants, both individually and jointly, were and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

15.     Defendants employed Plaintiff, CAMILO MARTINEZ, in both Bronx County and New York County to work as a non-exempt cook for Defendants' restaurants ZON-BRONX located at 2357 Arthur Avenue, Bronx, New York, and ZON-NYC located at 15 West 21st Street, New York, New York, from in or about February 2009

until in or about May 2013, and again from in or about September 2013 through in or about September 2014.

16.     Defendants employed Plaintiff, ZANATIEL FLORES, in both New York County and Westchester County to work as a non-exempt salad/food preparer and pizza man/cook for Defendants' restaurants ZON-NYC located at 15 West 21st Street, New York, New York, and ZON-WESTCHESTER located at 55 Old Route 22, Armonk, New York, from on or about January 10, 2010 until on or about December 31, 2014.

17.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

18.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21.     The Individual Defendants actively participate in the day-to-day operation of the Corporate Defendants.   For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand employees for any errors made.

22.     The Individual Defendants must approve all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of

pay that the employees are entitled to receive, and whether the employees are entitled to a pay raise and, if so, the amount of the increase.

23.     Upon information and belief, the Corporate Defendants are associated as a single enterprise, utilizing Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

24.     Upon information and belief, the Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

25.     Upon information and belief, the Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

26.     The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by one person or group of persons, corporations, or other organizational units acting together.

27.     Defendants employed Plaintiff CAMILO MARTINEZ as a non-exempt cook at ZON-BRONX, located at 2357 Arthur Avenue, Bronx, New York, between February 2009 and approximately April 2010.

28.     In or about May 2010, the Individual Defendants transferred Plaintiff to work as a non-exempt cook at ZON-NYC, located at 15 West 21st Street, New York,

New York, where he continued to be employed until quitting his employment in or about

May 2013.

29.     In or about September 2013, Defendants re-hired Plaintiff to work as a

non-exempt cook at ZON-NYC.

30.     Plaintiff continued to work in such capacity until his employment came to

a final conclusion in or about September 2014.

31.     Plaintiff worked over forty (40) hours per week.

32.     During the entirety of the relevant employment period, Plaintiff worked

seven (7) days per week, working a split shift Monday through Thursday consisting of

ten and one-half (10½) hours per day from 11:00 a.m. until 10:30 p.m., with a two (2)

hour break between 3:00 p.m. and 5:00 p.m.; a split shift on Friday and Saturday

consisting of twelve and one-half (12½) hours per day from 11:00 a.m. until 11:30 p.m.,

with a two (2) hour break between 3:00 p.m. and 5:00 p.m.; and a single shift on Sunday

consisting of ten (10) hours from 12:00 p.m. until 10:00 p.m.

33.     Throughout the entirety of the relevant employment period, Plaintiff was

not paid proper overtime compensation.   During the period of February 2009 and

December 2012, Plaintiff was improperly salaried at the rate of $825 per week straight

time for all hours worked, and worked sixty-nine (69) hours per week (for a regular rate

of pay of $11.96 per hour).   Work performed above forty (40) hours per week was not

paid at the statutory rate of time and one-half as required by state and federal law.

34.     Beginning in or about January 2013 and continuing through in or about on

or about May 2013, while working the same sixty-nine (69) hours per week, Plaintiff was

improperly salaried at the rate of $875 per week straight time for all hours worked (for a

regular rate of pay of $12.68 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.    Upon being re-hired in or about September 2013 and continuing through the remainder of his employment in or about on or about September 2014, while working the same sixty-nine (69) hours per week, Plaintiff was improperly salaried at the rate of $875 per week straight time for all hours worked (for a regular rate of pay of $12.68 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36.    Defendants hired Plaintiff ZANATIEL FLORES on or about January 10, 2010, to work as a non-exempt salad/food preparer for ZON-BRONX located at 2357 Arthur Avenue, Bronx, New York.

37.    In or about 2011, Defendants promoted Plaintiff to the non-exempt position of pizza man/cook.

38.    In or about August 2014, Defendants transferred Plaintiff to work as a non-exempt pizza man/cook at ZON-WESTCHESTER located at 55 Old Route 22, Armonk, New York.

39.    Plaintiff continuously worked for the Defendants in such capacity until his employment came to an end on or about December 31, 2014.

40.    Plaintiff worked over forty (40) hours per week.

41.    Throughout the entirety of his employment, Plaintiff worked six (6) days per week, working a split shift Tuesday through Thursday consisting of eleven (11) hours per day from 11:00 a.m. until 10:00 p.m., with a one (1) hour break between 3:00 p.m.

and 4:00 p.m.; a split shift on Friday and Saturday consisting of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m., with a one (1) hour break between 3:00 p.m. and 4:00 p.m.; and a single shift on Sunday consisting of nine (9) hours from 12:00 p.m. until 9:00 p.m.

42.     Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation.  From the beginning of his employment and continuing through in or about December 2010, Plaintiff was improperly salaried at the rate of $500 per week straight time for all hours worked, and worked sixty-one (61) hours per week (for a regular rate of $8.20 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

43.     Beginning in or about January 2011 and continuing through in or about April 2011, while working the same sixty-one (61) hours per week, Plaintiff was improperly salaried at the rate of $600 per week straight time for all hours worked (for a regular rate of pay of $9.84 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     Beginning in or about May 2011 and continuing through in or about December 2011, while working the same sixty-one (61) hours per week, Plaintiff was improperly salaried at the rate of $700 per week straight time for all hours worked (for a regular rate of pay of $11.48 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about January 2012 and continuing through in or about May 2012, while working the same sixty-one (61) hours per week, Plaintiff was improperly salaried at the rate of $750 per week straight time for all hours worked (for a regular rate of pay of $12.30 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

46.     Beginning in or about June 2012 and continuing through in or about December 2012, while working the same sixty-one (61) hours per week, Plaintiff was improperly salaried at the rate of $800 per week straight time for all hours worked (for a regular rate of pay of $13.11 per hour).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47.     Beginning in or about January 2013 and continuing through the remainder of Plaintiff's employment on or about December 31, 2014, while working the same sixty-one (61) hours per week, Plaintiff was improperly salaried at the rate of $850 per week straight time for all hours worked (for a regular rate of pay of $13.93 per hour).   Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

48.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

49.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that their shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

50.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since February 6, 2012 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

52.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiffs submit

11

that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

53.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

54.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

55.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

56.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

57.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

59.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

60.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since February 6, 2009 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation or "spread of hours" premium in violation of the New York Labor Law (the "Class").

61.    The persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

62.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

63.     The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

64.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

65.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

66.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

67.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

68.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.    Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

c.    What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.    Whether the Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.    Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day their shift exceeded ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.    Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

69.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70.     At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).   Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

72.     Upon information and belief, the Corporate Defendants, individually and jointly, have had gross revenues in excess of $500,000 during the years 2012, 2013, and 2014.

73.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

74.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

75.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of

forty (40) hours per work week, which violated and continues to violate the FLSA, 29

U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 216.

76.     Defendants knowingly and willfully disregarded the provisions of the

FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action

Members at the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) hours per week when they knew or should have known such was due

and that non-payment of overtime compensation would financially injure Plaintiffs and

the Collective Action Members.

77.     As a result of the Defendants' failure to properly record, report, credit

and/or compensate its employees, including Plaintiffs and the Collective Action

Members, the Defendants have failed to make, keep and preserve records with respect to

each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including

29 U.S.C. §§ 211(c) and 215(a).

78.     Defendants failed to properly disclose or apprise Plaintiffs and the

Collective Action Members of their rights under the FLSA.

79.     As a direct and proximate result of Defendants' violation of the FLSA,

Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant

to the FLSA.

80.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs

and the Collective Action Members suffered damages in an amount not presently

ascertainable of unpaid overtime compensation, an equal amount as liquidated damages,

and prejudgment interest thereon.

81.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## [Violation of the New York Labor Law]

82.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83.     At all relevant times, the Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

84.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

85.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

86.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

87.     Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

88.     Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in

contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

89.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

90.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

91.    At the time of their hiring, Defendants failed to notify Plaintiffs and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

92.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

93.    Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs CAMILO MARTINEZ and ZANATIEL FLORES, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)      An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)      An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)      An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)      An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)      An award of prejudgment and post-judgment interest;

(g)      An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)      Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
        February 6, 2015

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T.  (212) 209-3933
F.  (212) 209-7102

By:  _____
        Giustino (Justin) Cilenti (GC2321)

22

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, _Camilo Martinez_, am an employee formerly employed by

_Trattoria Zero Otto Nove_, and/or related entities. I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York

_____01 21_____, 2015

_Camilo Martinez._

Sworn to before me this _21_
day of _January_ 2015.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Zanatiel Flores Gomez_ am an employee formerly ` employed by

_Trattoria Zeuo otto Nove_, and/or related entities.  I consent to be a plaintiff in the

above-captioned action to collect unpaid wages.

Dated: New York, New York
_____ 01/21 _____, 2015

Sworn to before me this _21_
day of _January_ 2015.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2015