USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6-23-2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMILO MARTINEZ, ZANATIEL FLORES, and
EISITO SAAVEDRA-MENDEZ, on behalf of themselves
and others similarly situated,

                  Plaintiffs,

- against -

ZERO OTTO NOVE INC., TRATTORIA ZERO OTTO
NOVE II, LLC, RESTAURANT ZERO OTTO NOVE III,
LLC, ROVERTO PACIULLO, and FATION DOLLMA,

                  Defendants.

**OPINION AND ORDER**

15 Civ. 899 (ER)

---

Ramos, D.J.:

    Plaintiffs Camilo Martinez ("Martinez"), Zanatiel Flores ("Flores"), and Eisito Saavedra-Mendez ("Saavedra-Mendez") (collectively "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs allege that they and all other similarly situated employees are entitled to unpaid minimum wages, overtime, and spread-of-hours pay from a chain of New York restaurants doing business as "Trattoria Zero Otto Nove."[1]

    Plaintiffs bring this suit against three corporate defendants – Zero Otto Nove Inc. ("ZON-Bronx"), Trattoria Zero Otto Nove II, LLC ("ZON-NYC"), and Restaurant Zero Otto Nove III, LLC ("ZON-Westchester") (collectively, "ZON") – and two individual defendants – Robert Paciullo ("Paciullo") and Fation Dollma ("Dollma"). Plaintiffs allege that Paciullo is the Principal and Chief Executive Officer of ZON and that Dollma has served as either the manager

---

[1] The following facts, assumed to be true for purposes of the instant motion, are drawn from the allegations in the Complaint, Doc. 1, and the affidavits filed by Plaintiffs in support of this motion. *See She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *1 n.1 (S.D.N.Y. Oct. 16, 2014).

or supervisor of each ZON and participates in Zon's day-to-day activities. Compl. ¶¶ 10-11. According to Plaintiffs, Paciullo and Dollma exercised "control over the terms and conditions of Plaintiffs' employment" such that they qualify as employers under the FLSA. *Id.* ¶¶ 10-13.

Plaintiff Martinez asserts that he was employed as a cook at ZON-Bronx from February 2009 through April 2010. Ex. B[2] ("Martinez Aff.") ¶¶ 5-6. He alleges that in May 2010, Defendants transferred him to work at ZON-NYC, where he worked as a cook until May 2013. *Id.* ¶¶ 5, 7. Defendants then re-hired Martinez to continue working as a cook at ZON-NYC from September 2013 to September 2014. *Id.* ¶¶ 5, 8.

Plaintiff Flores asserts that he was employed as a salad/food preparer at ZON-Bronx from January 10, 2010, until his promotion to pizza maker/cook in 2011. Ex. C ("Flores Aff.") ¶¶ 4-6. Flores alleges that he was transferred in May 2011 to ZON-NYC, where he worked until June 2012, before Defendants transferred him back to ZON-Bronx. *Id.* ¶¶ 7-8. Defendants transferred Flores again in August 2014 to ZON-Westchester, where he remained until his employment terminated on December 31, 2014. *Id.* ¶ 9.

Plaintiff Saavedra-Mendez asserts that he was employed as a dishwasher at ZON-NYC from May 2011 to January 2012, and as a cook/food preparer from January 2012 to December 12, 2014. Ex. D ("Saavedra-Mendez Aff.") ¶¶ 4-6; *see also* Compl. ¶¶ 17, 50-52.

Plaintiffs claim that during their employment with ZON they regularly worked more than forty hours per week, but were denied the full minimum wage, overtime, and spread-of-hours pay to which they were entitled under the FLSA and NYLL. Martinez Aff. ¶¶ 9-11, 13; Flores Aff. ¶¶ 10-16, 18; Saavedra-Mendez Aff., ¶¶ 7-16, 18; *see also* Compl. ¶¶ 19-20, 34-37, 43-49, 54-66, 90-95, 103-104, 106. Moreover, Plaintiffs allege that they know of other non-exempt

---

[2] All "Ex." references are to exhibits attached to the Declaration of Justin Cilenti in Support of Plaintiffs' Motion for Disclosure of FLSA Action, Doc. 22.

kitchen employees who also did not receive their full wages, because employees at Zon "discussed this matter amongst [themselves]." Martinez Aff. ¶¶ 15-16, 18; Flores Aff. ¶¶ 20-21, 23. Plaintiffs collectively list the names and job titles of thirteen individuals (the "Named Coworkers") whom they purportedly witnessed and had discussions with about Zon's failure to pay the required minimum wage and overtime. Martinez Aff. ¶ 16; Flores Aff. ¶ 21; Saavedra-Mendez Aff. ¶ 21.

Presently before the Court is Plaintiffs' motion for: (1) conditional certification of a FLSA Collective Action; (2) court-facilitated notice of the pendency of the action; (3) approval of Plaintiffs' proposed notice and consent forms; and (4) production by Defendants of contact information for all current and former non-managerial kitchen workers. Doc. 21 (Pls.' Mot.). For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

## I. LEGAL STANDARD

Pursuant to the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216. "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit Court of Appeals has endorsed a two-step framework for determining whether the court should certify a case as a collective action under § 216(b). *See Myers*, 624 F.3d at 554-55; *see also Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376, 387 (2d Cir. 2015). This process entails an analysis of whether prospective plaintiffs are "similarly situated"

3

at two different stages: an early "notice stage," and again after discovery is largely complete. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)). At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the Plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted). At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the Plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiffs seek an initial determination of the propriety of notice to putative opt-in plaintiffs. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiffs face a "'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (quoting *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)). They must only make "a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citations omitted). "Accordingly, in deciding whether to grant the Plaintiffs' motion, the Court must merely find 'some identifiable factual nexus which binds the Plaintiffs and potential class members together

as victims of a particular practice.'" *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261).

In considering Plaintiffs' motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted). It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442 (citation omitted). If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id.* (citation omitted).

## II.   DISCUSSION

Plaintiffs seek to conditionally certify a collective that spans all non-exempt kitchen worker employees of ZON, arguing that all are similarly situated with respect to ZON's policy and practice of denying minimum wages and overtime payments. Memorandum of Law in Support of Plaintiffs' Motion for Disclosure of FLSA Collective Action ("Pls.' Br."), Doc. 23, at 6. Specifically, Plaintiffs seek a collective that includes all current and former persons employed by ZON as cooks, dishwashers, food preparers, and all other non-managerial kitchen workers from February 6, 2012 through the present time. Ex. E at 2.

As a preliminary matter, the Court must resolve Defendants' claim that Plaintiffs' affidavits may not be considered for purposes of the instant motion. Defendants contend that because a notary did not actually witness Martinez, Flores, and Saavedra-Mendez sign their affidavits, the affidavits were not properly notarized, and should be suppressed.

Under New York law, an affidavit is properly notarized when signed in the presence of a notary. *See Sanchez v. Abderrahman*, No. 10 Civ. 3641 (CBA) (LB), 2014 WL 4919153, at *3

(E.D.N.Y. Aug. 12, 2014), *report and recommendation adopted as modified on other grounds*, No. 10 Civ. 3641 (CBA), 2014 WL 4919258 (E.D.N.Y. Sept. 30, 2014) (noting that "[o]ne of the principal functions of a New York notary is to verify the identity of a person signing a document"); *Edwards v. Rockaway Storage, Inc.*, 924 N.Y.S.2d 308 (Sup. Ct. 2008) (explaining that notarization is evidence "that the document was affirmed and signed *before an* authorized official") (emphasis added)). An affidavit that has been signed by a notary is presumed to have been properly executed. *First Indem. of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634 (KMW), 2009 WL 3154282, at *6 (S.D.N.Y. Sept. 30, 2009) (citing *Spilky v. Bernard H. La Lone Jr., P.C.*, 227 A.D.2d 741, 743, 641 N.Y.S.2d 916 (1st Dept.1996)).

To support their claim that Martinez and Flores's affidavits were not properly notarized, Defendants cite to portions of Martinez and Flores's deposition testimony that merely establishes that the affidavits had been previously translated for them. Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Disclosure of FLSA Action ("Defs.' Br."), Doc. 33, at 1, 6. Neither Martinez nor Flores's deposition testimony substantiates Defendants' claim that the affidavits were signed outside the presence of a notary. Defendants thus fail to overcome the presumption that Martinez and Flores's affidavits were properly executed.

Plaintiffs do concede, however, that Saavedra-Mendez did not sign his affidavit in the presence of a notary. Defs.' Br. at 6. "[T]he fact that a declaration is unnotarized does not preclude the Court from considering the factual statements" averred, *Guzelgurgenli*, 883 F. Supp. 2d at 352, so long as the declaration has been signed "under penalty of perjury." 28 U.S.C. § 1746(2). Plaintiff Saavedra-Mendez's affidavit only states that he has "duly sworn" to the facts alleged; he does not swear "under penalty of perjury." Saavedra-Mendez Aff. at 1. Because "an unsworn declaration not made under penalty of perjury . . . is not an affidavit," *Lamberti v.*

6

*United States*, 22 F. Supp. 2d 60, 71 n.53 (S.D.N.Y. 1998), *aff'd sub nom. Badalamenti v. United States*, 201 F.3d 430 (2d Cir. 1999), Saavedra-Mendez's submission may not be considered in evaluating Plaintiffs' motion. *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *2 (S.D.N.Y. May 1, 2012) (noting that an affidavit must either be properly sworn and notarized or submitted "under penalty of perjury" to be considered for a motion for FLSA conditional certification); *see also McGlone*, 867 F. Supp. 2d at 442.

Turning to the merits of Plaintiffs' motion, Defendants contend that Plaintiffs have not met their burden of demonstrating that Plaintiffs and potential opt-in plaintiffs were victims of a common policy or plan that violated the law.[3] The Court agrees.

Although Plaintiffs need only make a "modest factual showing" that potential opt-in plaintiffs were subject to an unlawful common policy, and thus similarly situated, the "consensus" in this district is that "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide *a minimum level of detail* regarding the contents of those conversations or observations." *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (emphasis added); *see also Myers*, 624 F.3d at 555 (same). Plaintiffs, therefore, are not entitled to conditional certification if they do not "provide *any* detail as to a *single* such observation or conversation."

---

[3] The Court notes that Defendants devote a large portion of their opposition to challenging the factual accuracy of Plaintiffs' allegations. Specifically, Defendants compare Plaintiffs' affidavits with their deposition testimony in an attempt to undermine the legitimacy of the pleadings. Moreover, Defendants claim that Plaintiff Martinez is properly classified as an exempt, rather than a non-exempt employee, in spite of Plaintiffs' explicit assertion to the contrary. These efforts are futile, however. "It is well-established that 'the merits of plaintiff[s'] claims need not be resolved at this stage.'" *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929, at *2 (S.D.N.Y. Oct. 2, 2007) (quoting *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006)). Furthermore, during the conditional certification stage, the Court need only look to the allegations made in the pleadings. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 67 (E.D.N.Y. 2016) (collecting cases, and refusing to consider deposition testimony at the conditional certification stage); *see also Hallissey v. Am. Online*, Inc., No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Although several depositions have been taken and numerous documents produced, it is not necessary to engage in the second tier of analysis with the more stringent standard here as such scrutiny is applied only to *'post discovery'* determinations, usually precipitated by a defendants' motion for decertification of the class, and not by a § 216(b) motion.") (internal citation omitted).

7

*Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (holding that facts such as "where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process"); *see also, e.g., She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification of a class of all hourly paid, non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers); *Reyes*, 2015 WL 4622587, at *1 (denying conditional certification motion premised only on a plaintiff's "bare assertion that other employees also worked overtime without compensation"). Accordingly, conclusory statements by plaintiffs averring that other employees did not receive compensation do not meet the required level of detail. *Feng v. Hampshire Times*, No. 14 Civ. 7102 (SHS) (JLC), 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015) (denying certification where all seven affidavits contained one identical statement that the affiants were unaware of any other employees receiving overtime pay).

Here, in virtually identical affidavits and with similarly vague language, Plaintiffs allege that they are "aware and have personal knowledge" that other employees (whose names and job titles they list) worked similar shifts and were not paid proper overtime compensation. Martinez Aff. ¶¶ 15-16, 18; Flores Aff. ¶¶ 20-21, 23. They claim to know this through observations of and conversations with other employees. However, Plaintiffs do not provide *any* details of their observations or conversations, such as the number of hours other employees worked or the compensation they earned. Plaintiffs merely state that other individuals "were treated similarly to themselves in terms of work hours and Defendants' compensation policies." Pls.' Br. at 13. These bare statements are insufficient to provide the "modest factual showing" required under

8

the FLSA. Therefore, the Court finds that conditional certification would not be appropriate at this time.

Nevertheless, "[e]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010) (collecting cases). Therefore, "mindful of the remedial purpose" of the FLSA and the Court's broad power to authorize discovery in an FLSA action, the Court will, in part, grant Plaintiffs' request for an order of discovery. *Flores v. Osaka Health SPA, Inc.*, No. 05 Civ. 962 (VM) (KNF), 2006 WL 695675, at *4 (S.D.N.Y. Mar. 16, 2006); *see also Tapia-Castrejon v. Sahara E. Rest. Corp.*, No. 14 Civ. 8080 (WHP), 2015 WL 5022654, at *3 (S.D.N.Y. Aug. 18, 2015) (directing production of "the full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment of the six named coworkers identified" in the plaintiff's affidavit); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (directing production of prospective class members' names, addresses, and telephone numbers to "facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification"). Defendants are directed to provide Plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment of the eight Named Coworkers identified in Martinez and Flores's affidavits. Martinez Aff. ¶ 16; Flores Aff. ¶ 21.[4] At this time, the Court

---

[4] Employees whose names were solely provided in the affidavit of Saavedra-Mendez are not subject to disclosure by Defendants, because, Saavedra-Mendez's affidavit is deficient for the reasons stated above.

9

directs such disclosure only for the Named Coworkers rather than the entire putative class of kitchen employees.[5]

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional certification and court-authorized notice is DENIED without prejudice to its renewal upon a more developed factual record. *See Feng*, 2015 WL 1061973, at *4; *see also Myers*, 624 F.3d at 558 (noting that a district court "may continually evaluate, as the case progresses," whether notice of a pending FLSA action should be provided to potential opt-in plaintiffs). However, Defendants are hereby DIRECTED to produce to Plaintiffs, in Excel format, the aforementioned information regarding the Named Coworkers identified in Plaintiffs' Affidavits. The Clerk of Court is respectfully directed to terminate the motion, Doc. 21.

It is SO ORDERED.

Dated: June 23, 2016
       New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[5] The eight named coworkers identified in Martinez's and Flores's affidavits are as follows: Pablo Herrera Vivar, Nery Bravo Saavedra, Angel Luna Espinoza, Eleazar Flores, Jesus Hernandez, Edder Ortiz, Ignacio Alvarez Hernandez, and Eduardo Aguilar Martinez. Martinez Aff. ¶ 16; Flores Aff. ¶ 21.