## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is entered into by and between plaintiffs Camilo Martinez, Zanatiel Flores, and Elsito Saavedra-Mendez (collectively, hereinafter referred to as "Plaintiffs" or "Releasors"), and defendants Zero Otto Nove Inc., Trattoria Zero Otto Nove II, LLC, and Restaurant Zero Otto Nove III, LLC, and each of their parent companies and any of their subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, agents, shareholders, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, as well as Roberto Paciullo, and Fation Dollma, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees").

WHEREAS, on February 6, 2015, Plaintiffs filed suit for damages titled *Camilo Martinez, Zanatiel Flores, and Eisito Saavedra-Mendez, on behalf of themselves and others similarly situated v. Zero Otto Nove Inc., Trattoria Zero Otto Nove II, LLC, Restaurant Zero Otto Nove III, LLC, Roberto Paciullo, and Tony Dorma*, in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-899 (ER) (AJP), alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law (the "Litigation");

WHEREAS, on December 9, 2015, Plaintiffs filed an amended complaint in the Litigation;

WHEREAS, the Defendants have contested the claims set forth in the Action and deny any and all liability;

WHEREAS, the parties desire to avoid the costs, risks, and delays associated with litigation and to resolve the claims asserted in this action between the parties; and

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and the Defendants hereby agree as follows:

### A.   Consideration

1.   In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of One Hundred and Twenty Thousand Dollars ($120,000.00), (the "Settlement Fund"), paid as follows:

**First Installment:**   $50,000.00, which shall be paid as follows:

(a) One check payable to Camilo Martinez in the amount of $12,893.98, less applicable deductions required by law, for which Defendants will provide Mr. Martinez with an IRS Form W-2;

(b) One check payable to Zanatiel Flores in the amount of $11,950.60, less applicable deductions required by law, for which Defendants will provide Mr. Flores with an IRS Form W-2;

(c) One check payable to Elsito Saavedra-Mendez in the amount of $8,490.42, less applicable deductions required by law, for which Defendants will provide Mr. Saavedra-Mendez with an IRS Form W-2; and

(d) One (1) check payable to Cilenti & Cooper, PLLC in the amount of $16,665.00, for which Defendants will provide Cilenti & Cooper, PLLC with an IRS form 1099.

**Payments 2-10:**   The remaining balance of $70,000 shall be paid in nine (9) equal and consecutive monthly installments commencing thirty (30) days after the First Installment and every thirty (30) days thereafter. Each monthly installment payment shall be paid as follows:

 (a) One check payable to Camilo Martinez in the amount of $2,005.35, less applicable deductions required by law, for which Defendants will provide Mr. Martinez with an IRS Form W-2;

 (b) One check payable to Zanatiel Flores in the amount of $1,858.63, less applicable deductions required by law, for which Defendants will provide Mr. Flores with an IRS Form W-2;

 (c) One check payable to Elsito Saavedra-Mendez in the amount of $1,320.48, less applicable deductions required by law, for which Defendants will provide Mr. Saavedra-Mendez with an IRS Form W-2; and

 (d) One (1) check payable to Cilenti & Cooper, PLLC in the amount of $2,593.32, for which Defendants will provide Cilenti & Cooper, PLLC with an IRS form 1099.

  2. The First Installment shall be paid within ten (10) days after Court approval of the Agreement or defense counsel receiving a copy of an executed W-9 form from Plaintiffs, whichever is later. However, if some but not all of the Plaintiffs provide an executed W-9 by the time the First Installment becomes due, or by the date any subsequent installments become due, Defendants remain required to issue the settlement checks to those Plaintiff(s) that have provided an executed W-9, as well as all installments for attorneys' fees, on or before the date such installment payment becomes due. Any and all payments to any Plaintiff held in abeyance by Defendants due to a failure to receive a W-9 shall immediately be paid upon receipt of an executed W-9 form by that Plaintiff.

  3. The settlement payments described in Paragraph A(1) shall be paid to Plaintiffs in exchange for Plaintiffs' release of their wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages,

liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

The payments set forth in Paragraph A(1) shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be <u>received</u> no later than the dates indicated above.

4. Plaintiffs agree and affirm that the Settlement Funds shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that, except as provided in Paragraph B herein, neither they or their legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs relationship with the Defendants.

**B.   Penalty For Late Payment**

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Brian Kochisarli, Esq., Amanatides Kochisarli PLLC, 125 Jericho Turnpike, Suite 303, Jericho, New York 11753, facsimile: (516) 858-4217, bck@aklawgroup.com. The Defendants will then have five (5) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid under this Agreement shall become due and owing as of the 6th day following receipt of said notice, together with liquidated damages in the amount of $25,000.00, together with interest to commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement at the time of default. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement,

4

including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### C.  Approval of Settlement

1.  On or before February 24, 2017, the parties will jointly seek the Court's approval of the terms of this Agreement, by filing this Agreement and fairness letter with the Court via the Court's ECF system.  If the Court does not approve this Agreement, or decides to do so only with material modifications to the terms of this Agreement that would be unacceptable to either party, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves the modified Agreement. Notwithstanding the foregoing, if the Court approves the amount of the Settlement Fund but determines there should be a reallocation of the Settlement Fund, and/or a reduction of the amount paid to Counsel, the Agreement as so modified and approved by the Court shall remain fully binding on the Parties.

2.  Within 10 business days after the checks are forwarded to Plaintiffs' Counsel, Plaintiffs' Counsel will return to Defendants' counsel, without any waiver of any privilege or other protection from disclosure related thereto, the original hardcopies of any and all documents identified, produced, and turned over to the Plaintiffs in the Defendants' Responses to the Request for the Production of Documents (except for any copies that are attorney client privileged or subject to attorney client work product). Plaintiffs' Counsel shall certify in writing and under oath that all such originals have been returned, and that they will not distribute any electronic copies, unless subpoenaed (in which case defendants' counsel will be

provided with a copy of the subpoena and appropriate time to move to quash such subpoena) or with the permission of defendants.

3. Upon the Approval of this Agreement and the Court entering an Order approving this Agreement ("Effective Date"), Plaintiffs shall fully comply with the terms and conditions of subparagraph (2) hereinabove.

**D.** **Waiver of Statutory Attorney's Fees**:

Plaintiffs' counsel expressly waive, release and forever discharge any claims for statutory attorney's fees arising from Plaintiffs' employment or separation from employment with Defendants, or related to the transactions or matters which are the subject matter of the Litigation, except as set forth in Paragraph A.

**E.** **Release and Waive of Claims by Plaintiffs:**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs knowingly and voluntarily release and forever discharge Defendants, their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, officers, directors and agents thereof, both individually and in their business capacities of and from any and all claims, known or unknown, asserted or unasserted, which the Plaintiffs have or may have against Defendants as of the date of execution of this Agreement by reason of any actual or alleged act, statement, omission, transaction, practice or occurrence arising from or concerning in any way Plaintiffs' employment by or association with Defendants including, but not limited to, any alleged violation of: The National Labor Relations Act; Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee

Retirement Income Security Action of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Immigrant Reform and Control Act; The Americans With Disabilities Act of 1990; The Age Discrimination in Employment Act of 1967 ("ADEA"); The Worker Adjustment and Retraining Notification Act; The Sarbanes-Oxley Act of 2002; The Fair Credit Reporting Act; The Family Medical Leave Act; The Equal Pay Act of 1963; The Vocational Rehabilitation Act of 1973; The Occupational Safety and Health Act; The Fair Labor Standards Act, as amended; The New York State Civil Rights Act, as amended; The New York State Human Rights Law, as amended; The New York Equal Pay Act, as amended; The New York State Labor Law, as amended; The New York State Labor Relations Act; The New York State Workers' Compensation Law's Retaliation provisions, as amended; The New York Non-Discrimination for Legal Activities Law; The New York Whistleblower Law; The New York Wage and Hour Law and Wage Payment Laws; The New York Minimum Wage Law, as amended; The New York City Administrative Code and Charter, as amended; The New York City Human Rights Law, as amended; The New York City Civil Rights Law; The New York Workers' Compensation Law; The New York Occupational Safety and Health Law; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract (oral, written, or implied), tort, constitution or common law; any claims for vacation, sick or personal leave pay; short term or long term disability benefits; payment pursuant to any practice, policy, handbook or manual of Defendants; or any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, quantum meruit, breach of contract, breach of implied covenant of good faith and fair dealing, defamation, fraud, misrepresentation, or

otherwise, arising prior to or at the time of the execution of this Agreement, including, but not limited to, all claims asserted in the Litigation.

If any claim is not subject to release to the extent permitted by law, Plaintiffs waive any rights or abilities to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based in such a claim in which Defendants are a party.

### F.     Release and Waiver of Claims by Defendants

In further consideration of the promises and actions of Plaintiffs set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants, their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, officers, directors and agents thereof, both individually and in their business capacities, knowingly and voluntarily release and forever discharge Plaintiffs, their heirs, successors, current and former agents, representatives, assigns, executors, beneficiaries and administrators, of and from any and all claims, known or unknown, asserted or unasserted, which Defendants have or may have against Plaintiffs as of the date of execution of this Agreement by reason of any actual or alleged act, statement, omission, transaction, practice or occurrence arising from or concerning in any way Plaintiffs' employment by or association with Defendants including, but not limited to, any claim under federal, state or local law, rule, regulation, or ordinance; any public policy, contract (oral, written, or implied), tort, constitution or common law; claims pursuant to any practice, policy, handbook or manual of Defendants; or any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, quantum meruit, breach of contract, breach

8

of implied covenant of good faith and fair dealing, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of this Agreement, including, but not limited to, all claims asserted in the Litigation.

### G. Agreement To Refrain From Filing Claims

Plaintiffs represent that they have not filed any other lawsuit or initiated any other wage and hour proceeding against any of the Defendants, except the federal Litigation released herewith. Plaintiffs also agree not to bring any wage and hour lawsuit or initiate any wage and hour proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law. Nothing herein shall be interpreted or deemed to prevent Plaintiffs from commencing or participating in any proceedings or investigations before or by the Equal Employment Opportunity Commission ("EEOC"); however, Plaintiffs shall not be entitled to receive any portion of damages or other monetary relief or penalties assessed by the EEOC in such proceedings.

### H. Dismissal of the Complaint

The parties, through counsel, shall contemporaneously file the Stipulation and Order of Dismissal attached hereto as Exhibit A and this Agreement for judicial review and approval. The Stipulation and Order Dismissal shall dismiss the Litigation with prejudice, and shall expressly provide that the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.

## I.     Representations and Acknowledgements

1. Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Defendants. Plaintiffs further represents that:

   (a) They have reviewed each and every provision of this Agreement;

   (b) The Agreement has been explained to them by their attorneys;

   (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

   (d) They do in fact fully understand this Agreement, including the release of claims.

2. Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

4. Because Plaintiffs' native language is Spanish, Plaintiffs, by executing this Agreement, warrant and represent that their attorneys have personally or through an agent or employee explained each and every provision of this Agreement to them in Spanish, including its meaning and legal effect.

**J.      Non-Admissions**

1. Plaintiffs agree that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**K.      Attorneys' Fees and Costs**

Plaintiffs and Defendants are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

**L.      Complete Agreement**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

**M.      Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

5. This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

6. The Parties agree to cooperate in good faith to effectuate the Settlement of the Lawsuit, including securing the Court's approval of the Agreement in accordance with the terms of this Agreement, and obtaining a final judgment.

7. The Parties will request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement terms embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court.

**[Signature Page to Follow]**

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

**PLAINTIFFS:**

By: _____
Camilo Martinez, individually

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 16th day of February 2017, before me personally came Camilo Martinez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 16th
day of February 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: Zanatiel F Gomez
Zanatiel Flores, individually

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 16th day of February 2017, before me personally came Zanatiel Flores to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 16th
day of February 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

14

**[Signature Page 2 of 4]**

By: _____
Elsito Saavedra-Mendez, individually

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 16th day of February 2017, before me personally came Elsito Saavedra-Mendez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 16th
day of February 2017

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

**DEFENDANTS:**

By: _____
Roberto Paciullo, individually

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF _____  )

On the ___ day of February 2017, before me personally came Roberto Paciullo to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of February 2017

_____
Notary Public

15

[Signature Page 2 of 4]

By: _____
Elsito Saavedra-Mendez, individually

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

On the ___ day of February 2017, before me personally came Elsito Saavedra-Mendez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of February 2017

_____
Notary Public

**DEFENDANTS:**

By: _____
Roberto Paciullo, individually

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF BRONX        )

On the 22ND day of February 2017, before me personally came Roberto Paciullo to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 22ND
day of February 2017

_____
Notary Public STANLEY RALNON SCHLOIN
# 02-4634627
Qualified in Bronx County
Commission expires 7/31/18

15

[Signature Page 3 of 4]

By: _____
Fation Dollma, individually

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF BRONX     )

On the 22ND day of February 2017, before me personally came Fation Dollma to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 22ND
day of February 2017

Notary Public STANLEY RALNOW SCHLEIN
#09-4634627
Qualified in Bronx County
Commission expires 4/31/18

Zero Otto Nove Inc.

By: _____
Roberto Pacuillo, Authorized Rep.

Trattoria Zero Otto Nove II, LLC

By: _____
Roberto Pacuillo, Authorized Rep.

Restaurant Zero Otto Nove III, LLC

By: _____
Roberto Pacuillo, Authorized Rep.

16

[Signature Page 4 of 4]

**Reviewed and approved by counsel:**

Dated: 2/17/17                                CILENTI & COOPER PLLC

By: _____
Name:   Justin Cilenti
Attorney of Plaintiffs


Dated: _____                  By: _____
Name:   Stanley Schlein
Attorney of Defendants


Dated: _____                  AMANATIDES KOCHISARLI PLLC


By: _____
Name:   Brian C. Kochisarli
Attorney of Defendants

[Signature Page 4 of 4]

Reviewed and approved by counsel:

Dated: _____    CILENTI & COOPER PLLC

By: _____
Name:   Justin Cilenti
Attorney of Plaintiffs

Dated: 2/22/17

By: _____
Name:   Stanley Schlein
Attorney of Defendants

Dated: 2/22/17    AMANATIDES KOCHISARLI PLLC

By: _____
Name:   Brian G. Kochisarli
Attorney of Defendants

17